[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The parties were divorced by decree entered July 25, 1996. Plaintiff-appellee Joan Judge was awarded the marital residence. Pursuant to the decree, she was required to tender defendant-appellant Todd Arthur Judge's equity in the marital residence to him no later than July 25, 2001. The decree further stated,
 IT IS FURTHER ORDERED that the marital residence shall immediately be placed for sale if Plaintiff misses two consecutive mortgage payments, or is threatened foreclosure for any reason. Plaintiff shall notify Defendant if she misses two consecutive mortgage payments or is threatened with foreclosure.
Joan Judge received a letter from Star Bank Mortgage, dated June 9, 1998, that stated the following:
 Your mortgage is now being reviewed for foreclosure. The result of this review will determine whether Star Bank Mortgage will proceed with foreclosure action against your home.
 It is important that you make direct contact with the undersigned within 48 hours from the date of this letter. You should be aware that if you choose not to contact us, that I will recommend foreclosure immediately. This action not only will have an adverse affect on your credit, but will result in the loss of your home or additional costs to reinstate your mortgage. Please note, only certified funds will be acceptable.
 On February 23, 1999, Todd Judge filed a "motion for sale of residence." Following a hearing, the magistrate recommended that the residence immediately be placed for sale. Joan Judge filed objections to the magistrate's report. The trial court sustained Joan Judge's objection to the proposed sale, holding that the court had "inherent authority" to refuse to enforce its sale order in the divorce decree, which it found to be "inequitable," and that the best interests of the children would not be served by placing the residence for immediate sale.
Todd Judge's sole assignment of error, alleging that the trial court erred in refusing to enforce the divorce decree, is sustained. R.C.3105.171(I) provides,
 A division or disbursement of property or a distributive award made under this section is not subject to further modification by the court.
 Property settlements are not subject to modification. See Wolfe v. Wolfe (1976), 46 Ohio St.2d 399, 350 N.E.2d 413. The trial court's refusal to enforce the decree of divorce due to equitable considerations clearly modified the rights and duties of the parties in regard to the division of property from what they had previously been under the decree. See Dugan v. Dugan (July 18, 1990), Hamilton App. No. C-890261, unreported. Therefore, the trial court erred in refusing to enforce the decree of divorce based upon equitable considerations. Id.
But we point out that the trial court had the authority to interpret its order as embodied in the decree of divorce. See McCuen v. McCuen
(Apr. 5, 2000), Columbiana App. No. 98 CO 65, unreported; Hoog v. Hoog
(Sept. 24, 1999), Hamilton App. No. C-980977, unreported. The trial court noted in its entry of decision that the letter Joan Judge had received stated that foreclosure would occur if there was no response to the letter. The foreclosure did not occur. The trial court further noted that the provision for immediate sale upon "threatened foreclosure" was included in the divorce decree to protect Todd Judge's equity in the marital residence, and that there was currently no threat to that interest. Under these circumstances, we hold that the trial court had a duty to determine whether the letter constituted a "threatened foreclosure" as contemplated in the divorce decree. If the letter constituted a "threatened foreclosure" as contemplated in the decree, then an order for the immediate sale of the marital residence should have been issued. But if the letter did not constitute a "threatened foreclosure" as contemplated by the decree, then Joan Judge was under no obligation to place the marital residence for sale.
Therefore, the judgment of the trial court is reversed, and this cause is remanded for a determination by the trial court as to whether Star Bank's letter constituted a "threatened foreclosure" as contemplated by the decree of divorce, and for further proceedings consistent with law and this Judgment Entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.